**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>KELLY L LANDRY,<br>　　　　　　　　Defendant. | Case No. MJ17-5222<br><br>DETENTION ORDER |

　　　　THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Sect. 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community. The government met its burden of proving by a preponderance of the evidence that the defendant presents a significant risk of flight or non-appearance. In addition, the government met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to the community based on substance abuse and addiction and the circumstances of the current charges of vehicular assault. Even with conditions by which the defendant's whereabouts could potentially be monitored, the Court finds that there are no conditions of release that would effectively mitigate the danger or the risk of flight, because the potential for a repeat of the defendant's behavior of allegedly using drugs and driving cannot be fully controlled.       And, the defendant attempted to evade arrest on the current charges, so the Court is concerned that if released, he would again try to make himself hidden from authorities. Although the defendant has some ties to the community where he resides, he does not appear to be stable or reliable in terms of his ability to control his behavior, or his ability to appear for court, at this time. Methamphetamine is an addictive and destructive substance; given the history of drug abuse, and history of criminal offenses that involve driving without a valid license, and considering the circumstances that currently exist regarding these charges, the defendant may be a danger to himself, other individuals, and the community, by abusing methamphetamine and marijuana, and driving.

　　　　This finding is based on 1) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence or involves drug abuse; 2) the weight of the evidence against the person; 3) the history and characteristics of the person including those set forth in 18 U.S.C. Sect. 3142(g)(3)(A)(B); and 4) the nature and seriousness of the danger release would impose to any person or the community.

*Findings of Fact/ Statement of Reasons for Detention*

**Presumptive Reasons/Unrebutted:**
( )　**Conviction of a Federal offense involving a crime of violence. 18 U.S.C. Sect. 3142(f)(A)**
( )　**Potential maximum sentence of life imprisonment or death.  18 U.S.C. Sect. 3142(f)(B)**
( )　**Potential maximum sentence of 10+ years as prescribed in the Controlled Substances Act (21 U.S.C. Sect. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. Sect. 951 et seq.) Or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)**
( )　**Convictions of two or more offenses described in subparagraphs (A) through (C) of 18 U.S.C. Sect. 3142(f)(1) of two or more State or local offenses that would have been offenses described in said subparagraphs if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses.**

**Safety Reasons:**
( )　**Defendant is currently on probation/supervision resulting from a prior offense.**
( )　**Defendant was on bond on other charges at time of alleged occurrences herein.**
(X)　**Defendant's substance abuse history. The pre-trial report (Dkt. 3) shows that the investigator was informed by a person who lives with the defendant that the defendant has a significant drug abuse problem, including addiction. This person also indicated that she had found drug-use needles in the defendant's car.**
(X)　**Danger of driving while under the influence as reflected by information obtained by the pre-trial investigation concerning the defendant's drug abuse and addiction, and as indicated by circumstances shown in the affidavit supporting probable cause in the current offense. Dkt. 1, Complaint, Dkt. 3, Pretrial Report. The U.S. Park Rangers from Olympic National Park who responded to the scene of the head-on collision accident overheard one of the paramedics asking Landry where he was going (Landry indicated he was going to a casino), and noticed that there was a glass pipe that looked like a pipe used to smoke methamphetamine on the floor of the cab of the defendant's truck. The Ranger noticed another pipe that appeared to be one used for smoking marijuana, on the floor of the driver's side of the defendant's truck. The defendant's blood was tested and toxicology results indicated the presence of methamphetamine and amphetamine, as well as Carboxy-THC in the defendant's blood. In addition, the defendant's criminal history shows convictions for repeated unlawful**

behavior resulting in offenses related to driving without a valid driver's license, possession of marijuana, and a 2017 hit and run (unattended) offense in Hoquiam where he failed to appear and still has a bench warrant for his arrest.

**Flight Risk/Appearance Reasons:**
- ( ) Defendant present on writ from state court.
- ( ) Immigration and Naturalization Service detainer.
- (X) Detainer(s)/Warrant(s) from other jurisdictions.
- ( ) No verified address and few ties to community.
- (X) Defendant's attempt to evade authorities regarding instant offense. Pretrial report (Dkt. 3) and information presented by the Assistant U.S. Attorney during the detention hearing indicates that the defendant was aware of the current charges, was trying to evade arrest by staying at other addresses, and the defendant stated to another person that he would hide in the attic if he thought the authorities were going to come looking for him. The defendant has a record of prior offenses and one recent bench warrant (Hoquiam Municipal Court – Hit and Run, Unattended) indicating that he had failed to appear on four occasions.

*Order of Detention*

- The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.
- The defendant shall be afforded reasonable opportunity for private consultation with counsel.
- The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**December 27, 2017**

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge